FILED
 2015 Aug-18 PM 04:52
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONNA M. FASSINA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     vs. | )     **CASE NO. 2:14-CV-0081-SLB** |
| | ) |
| **CAROLYN W. COLVIN,** Acting | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Donna M. Fassina brings this action pursuant to 42 U.S.C. § 405(g),[1] seeking review of the Commissioner of Social Security's final decision denying her applications for a period of disability, disability insurance benefits ["DIB"], supplemental security income ["SSI"], and disabled widow's benefits.[2] Upon review of the record and the relevant law, the court is of the opinion that the Commissioner's decision is due to be remanded for further proceedings.

---

[1] The judicial review provisions for a DIB claims, 42 U.S.C. § 405(g), apply to claims for SSI. *See* 42 U.S.C. § 1383(c)(3).

[2] Under the Social Security Act, the widow of a fully-insured individual is entitled to benefits if she establishes that she is at least 50, but less than 60 years of age, and is disabled. *See* 42 U.S.C. § 402(e); 20 C.F.R. § 404.335(c). To collect widow's benefits, a claimant must prove that she was disabled, as defined under 20 C.F.R. § 404.1505. *See e.g., Miles v. Commissioner of Social Sec.*, 469 Fed. Appx. 743, 744 (11th Cir. 2014).

## I. PROCEDURAL HISTORY

Ms. Fassina protectively filed applications for a period of disability, DIB, SSI, and disabled widow's benefits on October 12, 2010, alleging an inability to work beginning September 30, 2010. (Doc. 6-3 at 14; doc. 6-6 at R.193, R.200.)[3] Her claims were denied initially. (Doc. 6-3 at 14; doc. 6-4 at 85-90.) Thereafter, she requested a hearing before an Administrative Law Judge ["ALJ"], which was held on August 28, 2012. (Doc. 6-3 at R.14; doc. 6-5 at R.111.) After the hearing, the ALJ found that Ms. Fassina was unable to perform her past relevant work but that other jobs existed in the national economy in significant numbers that Ms. Fassina could perform. (Doc. 6-3 at R.33.) Therefore, the ALJ determined that Ms. Fassina was not under a disability at any time through the date of his decision, September 28, 2012. (*Id*. at R.34.)

Ms. Fassina then requested review of the ALJ's decision by the Appeals Council. (*Id*. at R.9.) The Appeals Council "found no reason under [its] rules to review the [ALJ]'s decision," and it denied Ms. Fassina's request for review. (*Id*. at R.1.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*See id.)*

Following denial of review by the Appeals Council, Ms. Fassina filed an appeal in this court. (Doc. 1.)

---

[3]Reference to a document number, ["Doc."], refers to the number assigned to each document as it is filed in the court's record. Reference to a page numbers in the Commissioner's record, ["R."], refers to the page number assigned to the record by the Commissioner.

## II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court's role is a narrow one: "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983)) (internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted).

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius*, 936 F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. THE FIVE-STEP EVALUATION

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability, DIB, and/or SSI. *See* 20 C.F.R. § 404.1520(a)(1)-(2); 20 C.F.R. § 416.920(a)(1)-(2); *Bowen v. City of New York*, 476 U.S. 467, 470 (1986). "[A]n individual shall be considered to be disabled for purposes of [determining eligibility for DIB and SSI benefits] if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(1); *see also* 42 U.S.C. § 416(i)(1); 42 U.S.C. § 423(d)(1)(A). The specific steps in the evaluation process are as follows:

**1. Substantial Gainful Employment**

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987). The regulations

define "substantial gainful activity" as "work activity that is both substantial and gainful."[4] 20 C.F.R. § 404.1572; 20 C.F.R. § 416.972.  If the claimant is working and that work is substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or his age, education, and work experience. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b).  "Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Commissioner of Social Sec.*, 457 Fed. Appx. 862, 863 (2012).[5]

The ALJ found that Ms. Fassina had not engaged in substantial gainful activity since September 30, 2010, her alleged onset date.  (Doc. 6-3 at R.17.)

---

[4]The regulations state:

(a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a  part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

(c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572; 20 C.F.R. § 416.972.

[5]3Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

**2. Severe Impairments**

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); 42 U.S.C. § 1382c(a)(3)(D). The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a); 20 C.F.R. § 416.921(a). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 404.1523; 20 C.F.R. §

416.923. A claimant has the burden to show that she has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Ms. Fassina had the following severe impairments: "degenerative disc disease; status post 1998 neck fracture; aortic aneurysm; asthma; chronic obstructive pulmonary disease with ongoing tobacco abuse; osteoarthritis, upper extremities bilaterally; bipolar disorder; general anxiety disorder; attention deficit hyperactivity disorder; personality disorder; panic disorder; insomnia; a history of polysubstance abuse including cocaine, THC, methadone, prescription medication, heroin, cannabis and opiates." (Doc. 6-3 at R.17.) The ALJ found that claimant's "thyroid issues," gastroesophageal reflux disease ["GERD"], and history of ovarian cancer were non-severe impairments. (*Id*.)

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the durational requirement and whether it is equivalent to any one of the listed impairments, which are impairments that are so severe as to prevent an individual with the described impairment from performing substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings]. If the claimant's impairment meets or equals an impairment listed in the regulations, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). The claimant has the burden of proving that her

impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Ms. Fassina did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. (Doc. 6-3 at R.18.)

### 4. Residual Functional Capacity and Past Relevant Work

If the impairment or combination of impairments does not meet or equal the criteria of a Listing, the claimant must prove that her impairment or combination of impairments prevents her from performing her past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f); 20 C.F.R. § 416.920(a)(4)(iv), (f). At step four, the Commissioner "will first compare [her] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work." 20 C.F.R. § 404.1560(b); 20 C.F.R. § 416.960(b). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [her] to learn to do it." 20 C.F.R. § 404.1560(b)(1); 20 C.F.R. § 416.960(b)(1). If the claimant is capable of performing her past relevant work, the Commissioner will find she is not disabled. 20 C.F.R. § 404.1560(e); 20 C.F.R. § 416.920(e). The claimant bears the burden of establishing that her impairment or combination or impairments prevents her from performing past work. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Ms. Fassina could perform medium work with the following limitations:

> [she] can lift, carry, push and pull 50 lbs occasionally and 25 lbs frequently; can sit, stand and walk 6 hours each intermittently throughout an 8-hour workday; limited to frequent gross manipulation of objects bilaterally; must avoid concentrated exposure to respiratory irritants such as fumes, odors, dusts, gases and poorly ventilated areas; and must avoid concentrated exposure to operational controls of moving machinery and unprotected heights; limited to simple, routine and repetitive tasks; limited to work in a low-stress environment defined as requiring only occasional decision-making and only occasional changes in work setting; and limited to only occasional interaction with the public and co-workers.

(Doc. 6-3 at R.21.)  The ALJ found that Ms. Fassina could not return to any of her prior relevant work as a convenience store cashier, cashier-checker, nurse's assistant, waitress, sandwich maker, and home attendant.  (*Id*. at R.33.)

As for Ms. Fassina's other vocational factors, the ALJ found that Ms. Fassina "was 53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.  The claimant subsequently changed age category to advanced age." (*Id*.)  He found she "has a limited education and is able to communicate in English." (*Id*.)  The ALJ also determined that whether Ms. Fassina had any transferrable job skills was not material to his decision.  (*Id*.)

**5. Other Work in the National Economy**

If the claimant establishes that she is unable to perform her past relevant work, the Commissioner must show that the claimant – in light of her RFC, age, education, and work experience – is capable of performing other work that exists in substantial numbers in the

9

x

national economy. *Reynolds-Buckley*, 457 Fed. Appx. at 863; *see also* 20 C.F.R. § 404.1520(c)(1); 20 C.F.R. § 416.920(c)(1). The regulations provide:

> If we find that your residual functional capacity is not enough to enable you to do any of your past relevant work, we will use the same residual functional capacity assessment we used to decide if you could do your past relevant work when we decide if you can adjust to any other work. We will look at your ability to adjust to other work by considering your residual functional capacity and your vocational factors of age, education, and work experience. Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 404.1560(c)(1); 20 C.F. R. § 416.960(c)(1). If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f). If, however, the Commissioner finds that the claimant can perform other work, the claimant has the burden to prove she in not capable of performing such other work.

Because the ALJ determined Ms. Fassina could not perform a full range of medium work, he consulted a Vocational Expert ["VE"] to determine whether any jobs exist in the national economy that Ms. Fassina could perform. (Doc. 6-3 at R.72-76.) The VE testified that an individual with Ms. Fassina's limitations and vocational factors could perform jobs that exist in the national economy in significant numbers such as hand packer, machine packer, and kitchen helper. (Doc. 6-3 at R.74.) Based on this testimony, the ALJ found Ms.

Fassina could perform other work, and therefore, she was not under a disability at any time from September 30, 2010, through the date of his decision.[6]  (*Id.* at R.34.)

**B. FASSINA'S APPEAL**

On appeal, Ms. Fassina argues the Commissioner's decision denying her claim for benefits is not supported by substantial evidence and improper legal standards were applied. Because the court finds insufficient evidence to support the ALJ's assessment of Ms. Fassina's residual functional capacity and the weight accorded the mental health providers' opinions, the decision of the Commissioner will be reversed and remand for further proceedings.

**1. GERD Impairment**

The ALJ found Ms. Fassina's GERD was a non-severe impairment, stating:

> Notably, the claimant testified that she vomited everyday from [GERD]. Yet, the undersigned found nothing in the record to suggest that the claimant's providers found her [GERD] symptoms to in any way ***prohibit employment***. The claimant was noted to have a ventral hernia in 2008. . . . Overall, while [GERD] was medically established, [it was not] shown to cause more than minimal interference with the claimant's ability to perform work-related functions.

---

[6]The ALJ also found that, although Ms. Fassina admitted to ongoing substance abuse, "there was little evidence to suggest that her substance abuse was material to her impairments." (Doc. 6-3 at R.26).  Should Ms. Fassina be found disabled, a decision as to whether her drug addiction is a contributing factor material to the determination of disability must be made.  20 C.F.R. § 404.1535(b).  "In making this determination, [the ALJ evaluates] which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [her] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine[s] whether any or all of [the claimant's] remaining limitations would be disabling."  *Id.* § 404.1535(b)(2).

11

(Doc. 6-3 at R.17 [internal citations omitted; emphasis added].) As a result of this finding that Ms. Fassina's GERD was a nonsevere impairment, the ALJ gave insufficient weight to evidence from her former employer. (*Id*. at R.31.) The ALJ held:

> Some weight was afforded to the report from the claimant's past employer, the Highlands Center, who noted that the claimant could handle simple instructions, had some sick absences, needed frequent breaks for abdominal pain, had some difficulties dealing with others and handling stress and was able to sustain attention. This opinion which generally suggested moderate deficits in mental health functioning was largely supportive of the residual functional capacity adopted above. . . . Thus, the claimant's past employer's report was corroborated by the findings of a psychological examiner. Overall, the Highlands Center report was useful in ascertaining the claimant's mental limitations in a workplace setting, thus some weight was afforded. Still, as the claimant was found to have only past non-severe gastrointestinal impairments, little weight was afforded to the statement regarding frequent breaks for abdominal pain.

(*Id*.)

The Eleventh Circuit has "held that in order for an impairment to be non-severe, it must be a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986)(quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984))(internal quotations omitted). Therefore, the appropriate legal standard is whether an impairment causes "more than minimal" limitation on the ability to work – not whether this impairment would "prohibit employment." *See e.g., McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)("An impairment is not severe only if the abnormality is so slight and its effect so

minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal."). Nevertheless, "[t]he ALJ must consider the applicant's medical condition taken as a whole." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)(citations omitted). In this case, it appears that once the ALJ found Ms. Fassina's gastroesophageal impairment to be non-severe, he did not consider this impairment further.

The ALJ provides "some weight" to the report from plaintiff's past employer, who noted that Ms. Fassina could "handle simple instructions, has some sick absences, needed frequent breaks for abdominal pain, had some difficulties dealing with others and handling stress and was able to sustain attention."[7] (Doc. 6-3 at R.31.) However, because "the claimant was found to have only past non-severe gastrointestinal impairments, little weight was afforded to the statement regarding frequent breaks for abdominal pain." (*Id*.) Medical records reflect Ms. Fassina underwent endoscopy for a gastric mass and abdominal pain in 2003. (Doc. 6-8 at R.379.) An x-ray of her abdomen in 2008 had a clinical diagnoses of "stomach tumor." (Doc. 6-10 at R.485.) Records from a CT scan of her abdomen, also in 2008 due to "abdominal pain," noted a "palpable mass on physical examination" and found

---

[7]This past employer actually reported that Ms. Fassina was not able to work in close proximity with other employees, that she was not able to respond appropriately to normal stresses in carrying out assigned tasks, and that she required frequent breaks or rest periods due to abdominal pain. (Doc. 6-7 at R.315-16.)

a ventral hernia.[8]  (*Id*. at R.487, 491.)  Further records reflect Ms. Fassina reported "pain related to hernia is unchanged" and other notations concerning abdominal pain due to a hernia.  (*Id*. at R.494, 499.)  She was scheduled for hernia surgery in March 2009, when the surgeon noted that "I have advised her that her surgery is elective and at the present time she seems to be overwhelmed [with] personal problems that [illegible] are only going to compound.  I advised her to try to get personal problems straightened out and I will see her in 1 month." (*Id*. at R.496, 498.)  In 2010, Ms. Fassina's medical records reflect she still needed a hernia repair.  (*Id*. at R.520.)  According to Ms. Fassina, at the time of her hearing, she was vomiting everyday.  (Doc. 6-3 at R.51.)

The record contains evidence that Ms. Fassina suffered abdominal pain and vomiting.  These symptoms would certainly pose more than a minimal limitation of her ability to sustain work activity.  The ALJ clearly erred in failing to find a severe impairment **and** failing to consider such symptoms in establishing Ms. Fassina's residual functional capacity.  *See*

---

[8]A ventral hernia occurs when a weak spot in the abdomen enables abdominal tissue or an organ (such as an intestine) to protrude through a cavity muscle area. Typical symptoms include:

> •Sharp pain in the abdominal area: The most common symptom, this sharp pain can present during physical activities, like as walking, jogging, and lifting; sneezing; and coughing.
>
> •Vomiting: Incisional hernias can cause digestive complications, some of which may lead to vomiting.

http://www.mountsinai.org/patient-care/service-areas/surgery/divisions/general-surgery/hernia-surgery/ventral-hernia

*McCormick v. Social Sec. Admin., Com'r,* No. 14-14428, 2015 WL 4478761, *1-*2 (11th Cir. 2015). Therefore, the Commissioner's decision will be reversed and remanded for further proceedings, including but, not limited to, reconsideration of Ms. Fassina's residual functional capacity.

### 2. Examining Mental Health Providers

On January 5, 2011, Catherine Clayton Prince, Ph.D., performed a consultive mental examination of Ms. Fassina at the Commissioner's request. (Doc. 6-10 at R.546-47.) The examination consisted of a number of objective tests and questions designed to demonstrate Ms. Fassina's mental status. (*See id*. at R.549.) Following her examination of Ms. Fassina, Dr. Prince reported:

> Ms. Fassina demonstrates *severe* mental impairment. She would likely have *significant* difficulty carrying out and remembering instructions in a work setting. She would likely have *significant* difficulty dealing with work pressures, and responding appropriately to supervision and co-workers. Ms. Fassina would likely have *significant* difficulty managing her finances and living independently. She is able to hear and understand normal conversation.

(*Id*. at R.550 [emphasis added].) Dr. Prince gave Ms. Fassina a GAF score[9] of 30, (*id*.), which indicates "behavior influenced by delusions or hallucinations or *serious impairment* in communication or judgment (e.g., sometimes incoherent, acts grossly inappropriately,

---

[9]"The Global Assessment of Functioning, or GAF Scale, is a numeric scale that mental health physicians and doctors use to rate the occupational, psychological, and social functioning of adults. *McCloud v. Barnhart*, 166 Fed. Appx. 410, 413 n.2 (11th Cir. 2006)(citing American Psychiatric Association, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 32 (Text Revision, 4th ed.2000)).

suicidal preoccupation) or ***inability to function in almost all areas*** (e.g., stays in bed all day; no job, home or friends)." *Smith v. Colvin*, Case No. 2:13-CV-1783-JEO, 2014 WL 6698419, 4 n.7 (N.D. Ala. Nov. 26, 2014). Although "the Commissioner has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs,' and has indicated that GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings,'" *Wind v. Barnhart*, 133 Fed. Appx. 684, 692 n.5 (11th Cir. 2005) (quoting 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000)), the court notes that Dr. Prince's determination of Ms. Fassina's GAF score reflects her opinion of Ms. Fassina's limitations; the court has considered the GAF score for that purpose.

Despite the comprehensive evaluation provided by Dr. Prince, the ALJ relied on a report prepared by Narithookil S. Xavier, M.D., based on his examination of Ms. Fassina on September 29, 2010, one day ***before*** the alleged on-set date.[10] (Doc. 6-10 at R.521, 534; *see also* doc. 6-3 at 32.) "Medical opinions that predate the alleged onset of disability are of limited relevance." *Simpson v. Colvin*, Civil Action No. 2:14-CV-0946-AKK, 2015 WL 139329, *4 (N.D. Ala. 2015)(quoting *Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1165 (9th Cir. 2008)). Moreover, Dr. Xavier's notes indicate that the purpose of Ms. Fassina's visit was an "Initial Assessment," and she wanted a letter from him that would allow her to return to work." (*See* doc. 6-10 at R.534-38.) His report does not indicate that

---

[10]Dr. Xavier noted that Ms. Fassina had asked him to give her a letter stating that she was "fine to go back to work." (Doc. 6-10 at R.538.)

16

he performed any tests to determine Ms. Fassina's level of mental impairment if any. (*See id.*) In the "Physician's Summary" portion of his Initial Assessment, Dr. Xavier notes, "I discussed [with Ms. Fassina] I need more information from somebody like a family member . . . and more information from [her] M.D. [who performed] past evaluation (ADHD testing, etc.)." (*Id.* at R.538.)

The regulations provide, "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. § 404.1527(c)(3); 20 C.F.R. § 416.927(c)(3). Under the circumstances. the ALJ's decision to give more weight to Dr. Xavier's opinion than to the opinion of Dr. Prince is contrary to the regulations. Therefore, the court will reverse the decision of the Commissioner and reverse for further proceedings, including but not limited to reconsideration of the medical opinions regarding Ms. Fassina's limitations due to mental impairments.

The court pretermits further discussion of other alleged errors in the ALJ's decision.

## **CONCLUSION**

For the reasons set forth above, the decision of the Commissioner is due to be reversed and this cause remanded for further proceedings consistent with this Memorandum Opinion. An Order in conformity with the Memorandum Opinion will be entered contemporaneously.

**DONE** this 18th day of August, 2015.

*Sharon Lovelace Blackburn*
———————————————
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE